UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                      :

THE WALT DISNEY COMPANY,          :
                                                 :        10 Civ. 5982 (SHS)

                                  Petitioner,         :
                                                 :        <u>OPINION & ORDER</u>
          -against-                         :

NATIONAL ASSOCIATION OF BROADCAST  :
EMPLOYEES & TECHNICIANS, THE        :
BROADCASTING AND CABLE TELEVISION :
WORKERS SECTOR OF THE                 :
COMMUNICATIONS WORKERS OF            :
AMERICA, LOCAL 16, AFL-CIO,           :

                                  Respondent.       :
------------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      On August 9, 2010, respondent National Association of Broadcast Employees & Technicians, Local 16, (the "Union") removed this petition to quash a subpoena *duces tecum* from New York State Supreme Court, New York County, to this Court on the grounds that federal common law construing section 301 of the Labor Management Relations Act provides it with federal question jurisdiction. The Union has cross-moved to enforce the subpoena, and petitioner The Walt Disney Company has moved to remand the petition to state court.

      Although the United States Court of Appeals for the Second Circuit has not addressed the precise question of whether federal subject matter jurisdiction exists to enforce an arbitration subpoena against parties who were not signatories to the collective bargaining agreement that formed the basis for the arbitration, this Court, relying on authority from a sister circuit, as well as authority construing the Federal Arbitration Act, holds that subject matter jurisdiction does exist. The Court denies Walt Disney's motion to remand, grants the Union's cross-petition to enforce the subpoena, and denies Walt Disney's petition to quash the subpoena.

1

**I. BACKGROUND**

Walt Disney and its wholly owned subsidiary American Broadcasting Companies, Inc. ("ABC") are adverse to the Union in an arbitration of the Union's claim that an employee—Scott Pinkava—was improperly terminated from his employment at ABC. (Plaintiff's Verified Petition ("Pl.'s Verified Pet.") at ¶ 7.) ABC terminated Pinkava after an investigation allegedly revealed that he had engaged in the unauthorized copying of copyrighted content on ABC's computers. (*Id.*) Walt Disney's corporate legal anti-piracy department and its management audit department, along with ABC's labor relations department, all became involved in the investigation of Pinkava. (*Id.*)

Arbitration of disputes such as this one is provided for in the collective bargaining agreement between the Union and ABC. (Ex. A to Affidavit of David Mintz dated August 9, 2010 ("Mintz Aff.") at § 20.1.) During the arbitration hearing on June 23, 2010, an employee of Walt Disney's—Grace Yang—who was called as a witness by ABC, testified that in preparation for the arbitration she prepared a computer forensics report explaining what was found on Pinkava's computer. (Ex. F to Mintz Aff., Arbitration Hr'g Tr. dated June 23, 2010 at 143-44.) She further testified that her report—Exhibit 8 at the arbitration—was extracted from another report or reports of hers which contained "the investigation findings from all other employees involved in this investigation." (*Id.*)

Following Yang's testimony, David Mintz—the attorney for the Union—informed Arbitrator Bonnie Siber Weinstock that he would seek the investigatory documents and reports from which Exhibit 8 was extracted. (*Id.* at 145.) The attorney for ABC objected on behalf of its parent Walt Disney, asserting that Exhibit 8 was privileged. (*Id.* at 146; *see also* Ex. H to Mintz Aff., Arbitration Hr'g Tr. dated July 13, 2010 at 197 (the document "was prepared for the company's legal team in order to obtain legal advice . . . .") Arbitrator Weinstock ruled that the Union was entitled to see the fuller report from which Exhibit 8 was taken. Acknowledging that part or all of Exhibit 8 may well be privileged, the Arbitrator stated that before the Union could view any of the documents, she would inspect the larger report or reports from which Exhibit 8 was prepared in camera. (*Id.* at 147-48.)

2

By the date of the next arbitration hearing on July 13, ABC still had not produced the larger report for *in camera* inspection, although Yang testified that she had reviewed it in preparation for her July 13 testimony. (Ex. H to Mintz Aff., Arbitration Hr'g Tr. dated July 13, 2010 at 195-99.) The Arbitrator again directed ABC to produce that report for an *in camera* inspection, (*id*.), and she issued a subpoena *duces tecum* to ABC directing it to produce:

> ABC Inc.'s witness Grace Yang's report that she prepared and about which she testified on June 23, 2010 that contains the findings of her investigation at ABC, Inc. regarding the screener "It's Complicated" and/or the decryption, duplication, and/or viewing of "It's Complicated" and/and or other movies on ABC computer equipment by ABC employees, and which Grace Yang also reviewed in preparation for testifying on July 13, 2010, (the "Report"), for the Arbitrator's in camera inspection by the close of business on July 28, 2010 . . . .

(ex. N to Mintz Aff.). Subsequent to the issuance of the subpoena, Walt Disney started a special proceeding in New York State Supreme Court, which has now been removed to this Court.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

It is axiomatic that federal courts are courts of limited jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000); *Marcus v. "Five J" Jewelers Precious Metals Indus.*, 111 F. Supp. 2d 445, 449 (S.D.N.Y. 2000). Recognizing this principle, Walt Disney has moved to remand to New York State Supreme Court, New York County, on the grounds that this Court does not have subject matter jurisdiction under section 301 of the Labor Management Relations Act ("LMRA"). The Union disagrees, asserting that federal common law under section 301 of the LMRA provides this Court with jurisdiction.

As noted, the Second Circuit has not addressed the precise issue of whether a federal cause of action exists to enforce an arbitration subpoena against parties who were not signatories to a collective bargaining agreement that forms the basis of an arbitration. The Second Circuit has found that federal courts have jurisdiction to enforce subpoenas issued pursuant to the Federal Arbitration Act, 9 U.S.C. § 7, *see Stolt-Nielsen Transp. Grp., Inc. v. Celanese AG*, 430 F.3d 567, 572 (2d Cir.

3

2005), so long as the party invoking section 7 of the FAA also establishes a basis for subject matter jurisdiction independent of the FAA itself, *id.*; *see also Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263, 267 (2d Cir. 1996).  However, the Second Circuit has also held that the FAA does not apply to cases brought pursuant to the LMRA.  *Coca-Cola Bottling Co. v. Soft Drink & Brewery Workers Union Local 812, Int'l Bhd. of Teamsters*, 242 F.3d 52, 53 (2d Cir. 2001) ("We hold that in cases brought under Section 301 of the Labor Management Relation Act . . . the FAA does not apply.")  Lacking the benefit of guidance from the Second Circuit, this Court finds the Seventh Circuit's opinion in *Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm. v. Troha*, 328 F.3d 325 (7th Cir. 2003), particularly instructive.

In *Troha*, the Seventh Circuit held that "federal common law under § 301 [of the LMRA] creates a cause of action by which a party to a collective bargaining agreement that is otherwise covered by § 301 can enforce an arbitration subpoena against a non-signatory of the agreement." *Id.* at 331.  The court reasoned that suits for enforcement of an arbitration subpoena "have a great impact on the arbitration process and are necessary to the purpose of enforcing the agreement to arbitrate." *Id.* at 330.  The court concluded that "[i]t is therefore appropriate to apply the reach of federal common law to ensure that such subpoenas do not go unenforced." *Id.*

This Court finds, as did the Seventh Circuit in *Troha*, that extending federal common law to enforce subpoenas issued in arbitrations is supported by section 7 of the Federal Arbitration Act (FAA), 9 U.S.C. § 7, which, although it does not apply in this case, "is instructive in fashioning federal common law." *Troha*, 328 F.3d at 330.  Section 7 of the FAA provides that in an arbitration covered by the FAA an arbitrator may issue a subpoena, and

> if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

4

9 U.S.C. § 7.

The same principles underlying the Congressional decision to create an enforcement mechanism for arbitration subpoenas pursuant to the FAA apply to arbitrations brought pursuant to collective bargaining agreements even when those arbitrations do not fall under the application of the FAA.  *Troha*, 328 F.3d at 330 (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 n.9 (1987) ("[F]ederal courts have often looked to the [Federal Arbitration] Act for guidance in labor arbitration cases, especially in the wake of the holding that § 301 of the Labor Management Relations Act, 1947, 61 Stat. 156, 29 U.S.C. § 185, empowers the federal courts to fashion rules of federal common law. . . . ")); *Am.Fed'n of Television & Radio Artists v. WJBK-TV*, 164 F.3d 1004, 1009 (6th Cir. 1999) (applying the reasoning of the FAA in holding that an arbitration subpoena could be enforced in federal court without deciding whether the FAA itself applied to the case before it).

Therefore, this Court finds that it has jurisdiction over this case pursuant to federal common law under section 301 of the LMRA because the purpose of this lawsuit effectuates the goals of section 301 and is consistent with the subpoena enforcement provision of the FAA.  *See Am.Fed'n of Television & Radio Artists*, 164 F.3d at 1009 (citing *Wilkes-Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre, Local 120*, 559 F. Supp. 875, 880 (M.D. Pa. 1982)).

B.  The Arbitrator Should Determine the Privilege Issue

This Court finds that it is for the arbitrator, at least in the first instance, to decide whether and to what extent the document at issue in this case contains privileged information.  *Odfjell ASA v. Celanese AG*, 348 F. Supp. 2d 283, 287 (S.D.N.Y. 2004).  It would make little sense if arbitrators in labor cases have the power to subpoena documents but could not decide such related issues as admissibility and privilege.  *Id*. (citing *Laufman v. Anpol Contractor*, No. 94 Civ. 5362, 1995 U.S. Dist. LEXIS 8214, at *3 (S.D.N.Y. June 13, 1995)); *see also Local Lodge 1746, Int'l Ass'n & Aerospace Workers, AFL-CIO v. Pratt & Whitney*, 329 F. Supp. 283, 287 (D. Conn. 1971)

(compelling compliance with an arbitration subpoena over an objection that subpoena called for privileged documents on the grounds that arbitrator is competent to evaluate privilege claims). This Court's decision is consistent with the Second Circuit's view that "great deference" is to be paid to arbitral panels by federal courts. *Wallace v. Buttar*, 378 F.3d 182, 193 (2d Cir. 2004) (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003)); *see also Odfjell ASA*, 348 F. Supp. 2d. at 287-88.

### III. CONCLUSION

For the reasons set forth above, this Court denies Walt Disney's motion to remand [dkt # 11], grants the Union's cross petition to enforce the subpoena, and denies Walt Disney's petition to quash the subpoena.

Dated: New York, New York
       September 10, 2010

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

6